From Wilmington District.
After the death of James Moore, in 1783, but before the birth of Mary Paris, Julius Caesar Moore died intestate and without issue, possessed of a large personal estate. Sarah, the sister of Julius and Alfred Moore, intermarried with Gen. Thomas Clarke, who died in 1791, having made a will and appointed Henry Watters executor thereof.
In 1785 Alfred Moore and Thomas Clarke, claiming one moiety of the share to which Mary Paris was entitled of her father, James Moore's estate, the said share was divided between Elizabeth, her mother, the administratrix of her estate, and the said Alfred Moore and Thomas Clarke.
The estate of Julius Caesar Moore was taken possession of by Alfred Moore and Thomas Clarke, and one-sixth part thereof allotted to Elizabeth, administratrix of the estate of Mary Paris Moore.
This bill was brought by William H. Hill, as administrator of the estate of his deceased wife, Elizabeth, against Alfred Moore, and also against Henry Watters, executor of the last will of Thomas Clarke, deceased, praying, first, that the division of the estate of James Moore, deceased, (234) *Page 180 
which had been made in 1785, might be set aside, and the share thereof delivered over to Alfred Moore and Thomas Clarke be decreed to be returned, etc., upon the ground that upon the death of James Moore one-third part of his personal estate belonged to his wife, Elizabeth, and upon the birth of his daughter, Mary Paris, the other two-thirds belonged to her; that upon the death of Mary Paris, her two-thirds vested in her mother, Elizabeth, so that Alfred Moore and Thomas Clarke had no right to any part thereof. Secondly, that an account might be taken of the estate of Julius Caesar Moore, deceased, and one-third part thereof be decreed to be paid to the complainant, on the ground that although Mary Paris was in ventre sa mere
at the time of her uncle Julius' death, she was entitled to a distributive share of his estate, which upon her death vested in her mother, Elizabeth.
The defendants demurred to so much of the bill as sought to have an account and division of the estate of Julius Moore, deceased, and answered to the other parts of the bill. The question arising upon the demurrer was, "Whether, Mary Paris Moore being an infant in ventre sa mere at the death of Julius Caesar Moore, she was entitled to a distributive share of his estate." This question was sent to this Court.
We are of opinion that a posthumous child is entitled under our statutes of distributions to a distributive share; and that Mary Paris Moore was entitled to a share of Julius Moore's estate equally with the brothers and sisters of said Julius who were living at the time of his death and capable of taking.
Cited: Grant v. Bustin, 21 N.C. 78; Deal v. Sexton, 144 N.C. 158. *Page 181 
(252)